**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN JEKO, § | |
| § | |
| Plaintiff, § | |
| § | **Case No.:** |
| v. § | |
| § | **COMPLAINT AND DEMAND FOR** |
| PORTFOLIO RECOVERY ASSOCIATES, § | **JURY TRIAL** |
| LLC, § | |
| § | **(Unlawful Debt Collection Practices)** |
| Defendant. § | |
| § | |
| § | |

## **COMPLAINT**

JOHN JEKO ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following PORTFOLIO RECOVERY SERVICES, LLC ("Defendants"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Texas Fair Debt Collection Practices Act, **§** 392 *et seq*.

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States and 28 U.S.C. § 1367 grants supplemental jurisdiction over all state claims.

3. Defendants conduct business in the state of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person, who resides in Hooks, Texas.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with corporate headquarters 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff, related to and HSBC credit card.

11. The alleged debt that Defendant attempted to collect arose from transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff has no business debt, the debt could only have been personal in nature.

13. Between October 2012 and February 2013, Defendant's collectors, including but not limited to Kimberly, placed repetitive and continuous calls to Plaintiff on her home and cellular telephones.

14. Defendant's harassing calls originated from numbers including, but not limited to (702) 410-7497 and (678) 265 1576. The undersigned has confirmed that these numbers belong to Defendant.

15. Defendants' collectors contacted Plaintiff at least two (2) times per day, and often times more than this.

16. During every conversation with Defendant, Plaintiff demanded Defendant stop calling him.

17. Defendant responded to Plaintiffs request by threatening him, and telling him he was going to pay this debt and that it would not stop calling him until he did.

18. Making good on its threat, Defendant continued to place repeated and continuous calls to Plaintiff.

19. Defendant called Plaintiff with such frequency that Plaintiff had to change his cellular telephone number.

20. Defendant took the above actions with the intent to harass, abuse, and coerce payment from Plaintiff.

**COUNT I
DEFENDANT VIOLATED § 1692d OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

21. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person with the collection of any debt.

22. Defendant violated § 1692d of the FDCPA when they called Plaintiff repeatedly with intent to annoy and harass Plaintiff, when the frequency of the telephone calls forced

Plaintiff to change his telephone number, and when it engaged in other harassing and abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

24. Defendants violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

26. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly with intent to annoy and harass Plaintiff, when it called so often it forced Plaintiff to change his telephone number, when it threatened to never stop calling until the alleged debt was paid in full, and when it engaged in other unfair or unconscionable conduct.

**COUNT IV**
**DEFENDANTS VIOLATED § 392.302(4) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

27.   Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

28.   Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's home and cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number.

**COUNT V**
**DEFENDANTS VIOLATED § 392.303(a)(2) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

29.   Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

30.   Defendant violated § 392.303(a)(2) when they called Plaintiff repeatedly with intent to annoy and harass Plaintiff, when the frequency of Defendant's calls forced Plaintiff to change his cellular telephone number, and when it engaged in other unfair or unconscionable conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOHN JEKO, respectfully prays for a judgment as follows:

a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and § 392.403(a)(2);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Tex. Fin. Code § 392.403(e);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN JEKO, demands a jury trial in this case.

DATED: 09/27/2013　　　　　　　　KIMMEL & SILVERMAN, P.C.

By: Amy L. Bennecoff
Amy L. Bennecoff
Attorney for Plaintiff
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com